```
              UNITED STATES DISTRICT COURT
                       FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL CHINNIS,               :
                              :
         Petitioner           :    No. 1:16-CV-02150
                              :
    vs.                       :    (Judge Kane)
                              :
J. BALTAZAR,                  :
                              :
         Respondent           :
```

**MEMORANDUM**

**Background**

On October 25, 2016, Samuel Chinnis, an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he challenges his placement and confinement at USP-Canaan. (Doc. No. 1.) Chinnis does not challenge his conviction or the fact or duration of his confinement. (Id.) Chinnis only challenges the decision to confine him at USP-Canaan. (Id.) Chinnis essentially claims that his criminal history does not warrant his placement at a United States Penitentiary. (Id.) Chinnis alleges that he is 29 years old, was convicted of the offense of merely possessing a firearm as a convicted felon, and that his only prior offense involved imprisonment for two years. (Id.) He further claims that he is not safe at USP-Canaan because there are inmates at that institution who pose a threat to his safety. (Id.) Chinnis requests that he be transferred to another facility of the Bureau

of Prisons. (Id.) Along with the petition Chinnis submitted the $5.00 filing fee.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[1] For the reasons set forth below the petition will be dismissed.

**Discussion**

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973); see also Rinaldi v. Zickefoose, 2013 WL 4812491, at *1 (M.D. Pa. 2013)(Rambo, J.)(citing Preiser v. Rodriquez). However, "[f]ederal habeas corpus review is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.'" Rinaldi, 2013 WL 4812491, at *1 (quoting Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002)); see also Descamps v. Warden Lewisburg USP, 617 F. App'x 110, 111 (3d Cir. 2015)(the purpose of a habeas petition is to challenge the fact or duration of confinement not the conditions of

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

confinement);[2] McCarthy v. Warden, USP Lewisburg, 417 F. App'x 128, 129-130 (3d Cir. 2011)(same); Brown v. Bledsoe, 405 F. App'x 575, 576-577 (3d Cir. 2011)(same); Bedenfield v. Warden Lewisburg, 393 F. App'x 32, 33 (3d Cir. 2010)(same).

It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238 (1983). With respect to federal prisoners, the Bureau of Prisons has the power, pursuant to 18 U.S.C. § 3621(b), to "transfer a prisoner from one facility to another at any time." Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 n.3 (10th Cir. 1992), cert. denied, 510 U.S. 830, 114 S. Ct. 98 (1993); Cardenas v. Wigen, 921 F. Supp. 286, 291 (E.D. Pa. 1996). Section 3621(b) authorizes the Bureau "to designate the place of confinement for purposes of serving federal sentences of imprisonment." Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). Thus, it is clear that decisions regarding Chinnis' designation are within the sound discretion of the BOP, an agency under the Justice Department and overseen by the Attorney General. Accordingly, "habeas corpus is not an appropriate or available

---

2. In Descamps, a per curiam and non-precedential opinion, the Court of Appeals summarily affirmed the order of the district court "because no substantial question [was] presented by [the] appeal." 617 F. App'x at 111. In so doing the Court citing Leamer v. Fauver, a precedential opinion, stated as follows: "To the extent that Descamps challenged the adequacy of the dental and mental care he is receiving, he is challenging conditions of his confinement; his claims do not sound in habeas corpus." Id.

federal remedy." <u>Linnen v. Armainis</u>, 991 F.2d 1102, 1109 (3d Cir. 1993).

    Finally, because Chinnis is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

    An appropriate order will be entered.

4